# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

P AND M SERVICES, INC.,

  Plaintiff,    CIVIL ACTION NO. 07-CV-12816-DT

vs.

          DISTRICT JUDGE JULIAN ABELE COOK

MARTIN GUBB,

          MAGISTRATE JUDGE MONA K. MAJZOUB

  Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Defendant's Motion for Attorney Fees (docket no. 29) should be **DENIED**.

**II.** **REPORT:**

 **A.** **Facts, Claims, and Procedural History**

Defendant Martin Gubb filed this Motion for Attorney Fees on September 22, 2008. (Docket no. 29). Plaintiff filed a Response on October 6, 2008. (Docket no. 30). Defendant filed a Reply brief on October 20, 2008. (Docket no. 33). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 34). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

This action involves competing companies in the business of re-sizing large rolls of paper. Plaintiff's Complaint alleges a violation of section 2 of the Sherman Act (Count 1) by Defendant illegally monopolizing or attempting to monopolize interstate trade or commerce through the '623

patent. (Docket no. 1 at 8-11). In Count 2 Plaintiff alleges that Defendant's attempts to enforce the '623 patent constitute unfair competition. (*Id*. at 11-12).

Plaintiff's Complaint was filed on July 6, 2007. (Docket no. 1). On October 4, 2007 Defendant filed a Motion for Sanctions under Rule 11 against Plaintiff. (Docket no. 3). Defendant shows that he served his Motion for Sanctions on Plaintiff's counsel by letter dated July 31, 2007. (Docket no. 29 ex. 6). The letter stated that if Plaintiff's Complaint was not withdrawn within 21 days, Defendant would file the motion with the Court. (*Id*.). Plaintiff did not withdraw its Complaint, and on October 4, 2007 Defendant filed the motion. (Docket no. 3). The district court denied Defendant's Motion for Sanctions by Order entered on February 1, 2008. (Docket no. 14). The court found that "there is an insufficiency of evidence upon which to support Gubb's request for the imposition of sanctions against P&M. Accordingly, Gubb's motion for sanctions against P&M must be, and is, denied." (*Id*. at 2).

On September 8, 2008 the district court granted Defendant's Motion for Summary Judgment and entered Judgment for Defendant. (Docket nos. 27, 28). On September 22, 2008 Defendant filed the instant Motion for Attorney Fees. (Docket no. 29). Defendant relies upon Fed. R. Civ. P. 11(b)(1) & (2), and 35 U.S.C. § 285 in his motion. (*Id*). Defendant argues that Plaintiff violated Rule 11(b)(1) because "the present complaint was not presented for a proper purpose, but rather was presented to harass Gubb and needlessly increase his costs of litigation." (*Id*. at 17). Defendant further argues that Plaintiff violated Rule 11(b)(2) when it "chose to ignore the Rule 11 safe harbor letter from Gubb" which allegedly showed that its claims were no longer warranted by existing law. (*Id*.). Defendant argues that sanctions are appropriate under 35 U.S.C. § 285 because as a predicate for both counts Plaintiff alleged in its Complaint that Defendant directed his company to enforce the

'623 patent against Plaintiff. (*Id*. at 17-18). Defendant seeks an award of attorney fees, expenses, and costs in the amount of $75,228.20. (*Id*. at 21).

Plaintiff contends that Defendant's motion is defective for several reasons. Plaintiff argues that Defendant's motion for sanctions under Rule 11 is either procedurally improper for not providing the 21-day safe harbor period or an untimely motion for rehearing or reconsideration of the district court's earlier denial of Rule 11 sanctions. (Docket no. 30). Plaintiff also contends that Defendant's request is improper because he filed his motion after the entry of summary judgment. With regard to sanctions under 35 U.S.C. § 285, Plaintiff argues that this section is limited to attorney fees in patent cases when the circumstances are exceptional and that the facts of this case do not support such a finding. (*Id*.).

### B.     Governing Law

Rule 11(a), Fed. R. Civ. P., provides that every pleading and other paper must be signed by at least one attorney of record. Subsection (b) states that by presenting to the court such a pleading or paper, the attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the paper is not being presented for any improper purpose, such as to harass (subsection (b)(1)), and the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law (subsection (b)(2)). Rule 11(c)(2) provides that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). In addition, the "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

The Sixth Circuit has held "that sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention." *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

The Patent Act includes an attorney fee provision which simply states that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Attorney fees under this section may be awarded "for time incurred in the litigation of legitimate patent claims." *Interspiro USA, Inc. v. Figgie Int'l Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994). Exceptional circumstances in which the fee may be awarded include concepts of fraud, malice, bad faith, and other similar concepts. *Deyerle v. Wright Mfg. Co.*, 496 F.2d 45, 54 (6th Cir. 1974). The exceptional character of the case must be shown by clear and convincing evidence. *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 625 F. Supp. 343, 355 (E.D. Mich. 1985). An award made pursuant to such findings is discretionary. (*Id*. at 55).

    **C.**    **Analysis**

        **1.**    **Rule 11**

The only pleading or paper identified by Defendant as a possible basis for Rule 11 sanctions is Plaintiff's Complaint. (Docket no. 29 at 17). Defendant claims that Plaintiff's Complaint violates Rule 11(b)(1). (*Id*.). Defendant fails to link any other paper to his argument that Plaintiff violated Rule 11(b)(2) when it chose to ignore the Rule 11 safe harbor letter. (*Id*.). In deciding whether

Plaintiff or Plaintiff's counsel is liable for attorney fees under Rule 11 based on Plaintiff's Complaint, the Court must determine whether Defendant complied with the safe harbor provision of the Rule under subsection (c)(2). The Sixth Circuit has made clear that Rule 11 sanctions may not be granted if the party seeking sanctions failed to comply with that provision. *Ridder*, 109 F.3d at 297.

Defendant argues that he provided "the requisite safe harbor notice before the Rule 11 Motion filed in July of 2007 and in its summary judgment motion papers." (Docket no. 33 at 4). The district court, however, denied Defendant's Rule 11 motion that was served on July 31, 2007. (Docket no. 14). Rule 11(c)(2) is clear that a motion for sanctions must be made separately from any other motion and must be served 21 days before the motion is filed with the court. This Rule requires prior service of "the motion" that is to be ruled upon. Service of Defendant's summary judgment does not suffice. Defendant did not serve the present motion on Plaintiff 21 days in advance of its filing. (Docket no. 29, certificate of service). Defendant's argument that service of the July 2007 motion for sanctions may serve as compliance with the safe harbor provision for the present motion must be rejected based on the plain language of the statute. By failing to serve in advance the present motion upon Plaintiff, Defendant failed to comply with Rule 11(c)(2)'s safe harbor provision.[1] Sanctions, therefore, may not be awarded pursuant to Rule 11. *Ridder*, 109 F.3d at 297.

### 2. 35 U.S.C. § 285

---

[1] Defendant's failure to file the present motion before the entry of summary judgment also constitutes a failure to abide by the safe harbor provision. *Ridder*, 109 F.3d at 297.

Defendant relies upon the alleged bad faith of Plaintiff in filing the present Complaint and in conducting allegedly vexatious litigation to show that this is an exceptional case warranting an award of reasonable attorney fees under section 285. (Docket no. 33 at 3). The litigation history between these two parties and their alter egos is detailed in the district court's Order granting summary judgment to Defendant. (Docket no. 27). Briefly, this is the fifth action between the parties. Plaintiff brought the first action in Florida for infringement of the '024 patent. That action was dismissed without prejudice due to absence of personal jurisdiction. (*Id*. at 3-4). Plaintiff brought the second action in Wisconsin for infringement of the '024 and '766 patents. That action was dismissed without prejudice for lack of proper venue. (*Id*. at 4). Defendant, through his company, brought the third action in California alleging that Plaintiff had infringed its '623 patent. The court in that action determined that Plaintiff, not Defendant, was the inventor of the contested patent method and denied injunctive relief to Defendant. Defendant then signed a covenant not to enforce the '623 patent against Plaintiff. Defendant's motion to dismiss that action was granted over the objections of Plaintiff. The filing of bankruptcy by Defendant's company apparently precluded the litigation of all issues in that action. (*Id*.). The fourth action was filed by Defendant in this court to obtain a declaratory judgment that the '024 and '766 patents of Plaintiff were invalid. A jury found that Plaintiff's '024 patent was valid and that Defendant had personally induced its infringement. (*Id*. at 4-5).

The previous litigation history fails to show by clear and convincing evidence that Plaintiff has engaged in vexatious litigation. The parties each filed two of the previous four lawsuits. Although the first two actions filed by Plaintiff were dismissed on jurisdictional and venue grounds, when the merits were reached in the later two suits filed by Defendant and his company Plaintiff

won significant victories.  With respect to the present action, the district court found that Plaintiff's claims are barred by the applicable statute of limitation.  Yet the court agreed with Plaintiff that res judicata did not bar its claims.  Additionally, Plaintiff offered some support and argument for its theory that its claims were not barred by the applicable statute of limitation.

Although clearly some cases in which the claims are dismissed because they are barred by the statute of limitation may be exceptional, this action is distinguishable from them.  Defendant relies upon two cases to show that a failure to adequately assess whether or not a claim was brought too late may be sufficient to support an award of attorney fees.  (Docket no. 33 at 3).  The first case is *Encomp Inc. v. L-Com, Inc.*, 999 F. Supp. 264 (D. Conn. Mar. 30, 1998).  In *Encomp*, the defendant established by clear and convincing evidence that the plaintiff's suit was frivolously brought because it failed to assess the defenses of laches and estoppel that would have precluded its claims.  (*Id*. at 269).  There had been a delay of at least seven years between plaintiff's accusation of infringement and the initiation of the lawsuit.  (*Id*. at 268).  Plaintiff offered no explanation to rebut the presumption of laches after such a long time period.  (*Id*.).  The circumstances supporting equitable estoppel also reflected badly on Plaintiff.  (*Id*.).  Finally, the court noted that the defendant had made reasonable and good faith efforts to resolve the dispute, "an attitude directly contrary to that shown by plaintiff."  (*Id*. at 269).  The facts of the instant action fail to show that Plaintiff committed similar bad acts in this case or the previous litigation.

The other case relied upon by Defendant is *Nordek Corp. v. Garbe Iron Works, Inc*., 221 U.S.P.Q. 632 (N.D. Ill. 1983).  The *Nordek* court termed the situation there as the "reckless prosecution of a hopeless lawsuit."  (*Id*. at 634).  Plaintiff there had no good faith belief that it could prevail against the defenses of laches and estoppel and "no respectable strategy for avoiding these

defenses." (*Id*. at 633). There was "strong evidence" that plaintiff's predecessor induced defendants to believe that their production of the allegedly infringing products would not be molested by plaintiff. (*Id*. at 632). Finally, the court expressed doubt that plaintiff had purchased its patent in good faith and found that plaintiff had an improper retaliatory motive in bringing the action. (*Id*. at 634). Again, the facts of the instant action fail to show that Plaintiff committed such bad acts.

Defendant has failed to show by clear and convincing evidence that this is an exceptional case under section 285. Even if Defendant had done so, the Court would recommend that Defendant's Motion for Attorney Fees be denied. The totality of the circumstances surrounding this action fail to show that Plaintiff's conduct, compared to that of Defendant, warrants the imposition of attorney fees under section 285.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 24, 2008				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE