UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

P&M SERVICES, INC.,

        Plaintiff,

v.

                                                            Case No. 07-12816
MARTIN GUBB,                                 Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

In a complaint that was filed on July 6, 2007, the Plaintiff, P&M Services, Inc., ("P&M"), accused the Defendant, Martin Gubb, of engaging in unfair competition and violating the Sherman Antitrust Act, 15 U.S.C. § 2. On September 8, 2008, the Court granted Gubb's motion for summary judgment and, at the same time, dismissed both of P&M's then-pending claims against him after determining that they were barred by the statute of limitations.

On September 22nd, Gubb filed a motion for an award of attorney fees pursuant to Fed. R.

Civ. P. 11(b)(1) and (2),[1] and 35 U.S.C. § 285.[2] His motion was thereafter referred to Magistrate Judge Mona K. Majzoub who, approximately two months later (November 24, 2008), submitted a report to the Court in which she recommended that Gubb's motion be denied. An objection by Gubb followed.[3]

For the reasons that have been set forth below, the Court adopts Magistrate Judge Majzoub's report and recommendation in its entirety.

I.

On July 31, 2007, Gubb transmitted two documents to P&M; namely, a proposed motion for sanctions under Rule 11, as well as a "safe harbor" letter[4] which contained an assertion that he would seek to obtain sanctions against this corporate plaintiff if the complaint was not withdrawn within twenty-one days thereafter. When P&M did not withdraw its complaint, Gubb filed a motion

---

[1] Fed. R. Civ. P. 11(b)(1) and (2) state that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief . . . (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation and (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

[2] 35 U.S.C. § 285 states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

[3] Gubb filed an objection to the report by Magistrate Judge Majzoub on December 11th, to which P&M responded twelve days later. On December 31, 2008, Gubb filed an unopposed motion for an extension of time to file his reply brief, which was subsequently granted by the Court. Hence, his reply brief was "timely" filed on January 12, 2009.

[4] "Safe harbor" refers to the time period (i.e., twenty-one days) during which the movant must notify the opposing party before filing a motion for sanctions with the Court. *See* Fed. R. Civ. P. 11(c)(2). Gubb filed his "safe harbor" letter and a proposed motion for sanctions under Rule 11 on the official docket as Exhibit 1 in his October 4, 2007 motion for sanctions. He submitted the same "safe harbor" letter and proposed motion as Exhibit 6 in support of his September 22, 2008 motion for attorney fees.

for sanctions on October 4, 2007, which was denied by the Court on February 1st of the following year. Several months later, on September 8, 2008, the Court entered an order which granted a summary judgment in favor of Gubb. Approximately two weeks later (September 22nd), Gubb filed the instant motion, seeking an award of attorney fees.

II.

In his objections to the Magistrate Judge's report, Gubb contends that, as a result of his "safe harbor" letter of July 31, 2007, P&M knew or should have known that its claims were barred by the statute of limitations. P&M disagrees, arguing that Gubb's failure to serve his "safe harbor" letter in a timely manner precludes him from seeking sanctions in the form of attorney fees.

According to the Federal Rules of Civil Procedure, a party who seeks to obtain sanctions must first serve a proposed Rule 11 motion upon the opposing party at least twenty-one days before filing the pleading with the court. Fed. R. Civ. P. 11(c)(2). This twenty-one day period, or "safe harbor" notice, is intended to allow parties to avoid the imposition of sanctions by withdrawing or correcting a challenged paper, claim, defense, contention, allegation, or denial. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). However, "[g]iven the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Id.* Thus, under the 1993 Amendments, "'a Rule 11 motion cannot be made unless there is some paper, claim, or contention that can be withdrawn;' [therefore,] it follows that a party cannot wait to seek sanctions until after the contention has been judicially disposed." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997) (quoting Georgene M. Vairo, *The New Rule 11: Past as Prologue?*, 28 LOY. L.A. L. REV. 39, 65 (1994)).

In the case at bar, Gubb's first motion for sanctions under Rule 11 was denied by the

3

Court. In an order of February 1, 2008, the Court held that there was "an insufficiency of evidence upon which to support Gubb's request for the imposition of sanctions against P&M." Thereafter, the Court opined that there was no legal obligation upon P&M to withdraw its pleading at that time. The impetus behind a "safe harbor" letter is to allow a party to modify or withdraw its allegedly offending pleading, written motion, or other paper, in order to avoid sanctions. *See id.* After a summary judgment was entered in this case, P&M could not have withdrawn or corrected any paper, claim, or contention. As explained in *Ridder*, supra, once the Court disposed of this lawsuit, P&M was in no position to withdraw any allegedly offending claim.

Moreover, as correctly noted by Magistrate Judge Majzoub, Gubb's allegation (i.e., the service of his first motion for sanctions fully complies with the "safe harbor provision" under Rule 11©) must be rejected on the basis of the plain language of the Rule. *See* Fed. R. Civ. P. 11(c)(2) ("The motion [for sanctions] *must be served* under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . .") (emphasis added). Thus, Rule 11 sanctions cannot be awarded in this case.

### III.

In his objections to the now-challenged report, Gubb also argues that Magistrate Judge Majzoub did not take into account the preceding lawsuits which, in his opinion, amount to vexatious and bad faith litigation by P&M. Moreover, Gubb contends that P&M failed to adequately assess the statute of limitations defenses that would have obviated the necessity of his having to file this motion for sanctions.. On the other hand, P&M asserts that its claims against Gubb were non-patent claims which, in turn, makes the provisions of 18 U.S.C. § 285 inapplicable

4

to this case. Alternatively, P&M states that even if § 285 is applicable here, Gubb has not shown that he is entitled to receive sanctions by clear and convincing evidence.

The language in Title 35, United States Code, Section 285, provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." The prevailing party must show that the opposing side's conduct was "unfair, in bad faith, inequitable, or unconscionable." *Eltra Corp. v. Basic, Inc.*, 599 F.2d 745, 758 (6th Cir. 1979). "'[E]xceptional' [cases are] those cases involving 'inequitable conduct before the [Patent Office]; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.'" *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003) (quoting *Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001)). The exceptional character of the case must be shown by clear and convincing evidence. *Rolls-Royce Ltd. v. GTE Valeron Corp.*, 625 F.Supp. 343, 355 (E.D. Mich. 1985).

The Court concludes that Gubb has failed to show, by clear and convincing evidence, that P&M engaged in behavior which warrants the imposition of sanctions under § 285. First, although Gubb was ultimately successful in persuading the Court that the statute of limitations precluded the application of any of the claims against him, a review of the record clearly demonstrates that P&M's arguments, though subsequently rejected, were ostensibly legitimate and reasonable in support of its theory of defense. Further, as Magistrate Judge Majzoub explained, P&M's actions in the instant case do not rise to the level of vexatiousness or frivolousness that were exhibited in the cases cited by Gubb to support his argument.[5] Thus, the Court holds that P&M's actions cannot

---

[5] In *Ecomp, Inc. V. L-Com, Inc.*, 999 F. Supp. 264 (D. Conn. 1998), the plaintiff, after having accused the defendant of infringement, waited for a period of seven years before commencing the litigation. Moreover, the *Ecomp* Court also opined that the plaintiff had not

be characterized as clearly and convincingly vexatious, unjustified, or frivolous.  Moreover, the Court does not believe that this is an exceptional case which would warrant the imposition of § 285 sanctions.

IV.

For the reasons that have been stated above, the Court adopts Magistrate Judge Majzoub's report and recommendation in full.  Hence, and for the reasons that have been set forth above, Gubb's motion for attorney fees must be denied.

IT IS SO ORDERED.

Dated:  June 10, 2009          S/Julian Abele Cook, Jr.
        Detroit, Michigan              JULIAN ABELE COOK, JR.
                                       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 10, 2009.

                                       s/ Kay Doaks
                                       Case Manager

---

exhibited good faith when the parties attempted to resolve their dispute out of court,.  999 F. Supp. at 269.  Here, the Court does not find any meaningful similarity between the facts in *Ecomp* and the case that is currently pending before this Court.

   In *Nordek Corp. v. Garbe Iron Works, Inc.*, 1983 U.S. Dist. LEXIS 17451 (N.D. Ill. 1983), the court determined that the plaintiff had pursued a "hopeless lawsuit" because it did not have any viable strategy to overcome the defendant's laches and estoppel defenses. 1983 U.S. Dist. LEXIS at 633.  The court also believed that the plaintiff had initiated the lawsuit as a means of retaliating against the defendant.  *Id.* at 632.  In the judgment of the Court, the facts in *Nordek* and the instant case are inapposite.